**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Twin City Lodging LLC, et al.,<br><br>　　　　　Defendants. | No. CV-18-03374-PHX-SPL<br><br>**ORDER** |

　　　　Plaintiff Best Western International Incorporated (the "Plaintiff") filed suit against Twin City Lodging LLC, Percy Pooniwala, and Santha Kondatha alleging multiple causes of action related to the termination of a Best Western Membership Agreement (the "Membership Agreement"). (Doc. 1 at 2) The Defendants moved to dismiss the Plaintiff's claims against them (the "Motion"). (Doc. 18) The Court's ruling is as follows.

**I.　Background**

　　　　The Plaintiff is a non-profit corporation that serves its members, who are independent owners and operators of Best Western branded hotels. (Doc. 1 at 3) On September 29, 2016, Twin City Lodging LLC and Pooniwala executed the Membership Agreement, by which they joined the community of members operating Best Western branded hotels. (Doc. 1 at 2) On August 31, 2017, Kondatha executed an "Application for Change in Voting Member/Voter Registration Card" through which he agreed to be bound

by the Membership Agreement in exchange for designation as a voting member of the organization. (Doc. 1 at 2; Doc. 1-2 at 21)

On July 26, 2018, the Plaintiff notified Twin City Lodging LLC, Percy Pooniwala, and Santha Kondatha that their membership with the Plaintiff had been terminated for failure to abide by the terms and conditions of certain regulatory documents. (Doc. 1 at 12) Following the termination of Twin City Lodging LLC's membership status, the Plaintiff alleges that Twin City Lodging LLC continued to operate while unlawfully using Best Western exterior signage, internet advertising, and other branded items. (Doc. 1 at 12) The Plaintiff initiated this lawsuit seeking damages for breach of contract and trademark infringement, among other claims. (Doc. 1 at 14–18) The defending parties filed the Motion seeking to dismiss that Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Doc. 18)

## II. Legal Standard

### A. 12(b)(2)

A plaintiff bears the burden of establishing personal jurisdiction. *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1184–85 (D. Ariz. 2012). When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction'" over the defendant. *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001). In the absence of an evidentiary hearing on the issue of personal jurisdiction, a plaintiff must only make "a prima facie showing of jurisdictional facts through the submitted materials" in order to avoid dismissal for lack of personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a).

Absent traditional bases for personal jurisdiction (i.e., physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 860 (D. Ariz. 1999). If a court determines that a defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either "general" or "specific" jurisdiction over the defendant. *Doe*, 112 F.3d at 1050. The nature of the defendant's contacts with the forum state will determine whether the court exercises general or specific jurisdiction over the defendant. *Doe*, 112 F.3d at 1050–51.

**B. 12(B)(6)**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient

3

to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

**III. Analysis**

Defendants Pooniwala, Kondatha, and Twin City Lodging LLC move to dismiss all of the Plaintiff's claims because (i) the Complaint does not state any plausible claim against Defendant Pooniwala, (ii) the Complaint does not state any plausible claim against Defendant Kondatha, (iii) the Plaintiff fails to comply with Minnesota Franchise Act, and (iv) the Court does not have personal jurisdiction over Pooniwala, Kondatha, or Twin City Lodging LLC. (Doc. 18 at 2) The Parties filed a stipulation to dismiss Defendant Pooniwala. (Doc. 24; Doc. 23 at 2) Therefore, the Court will move forward with addressing the remaining issues presented against Defendants Twin City Lodging LLC and Santha Kondatha (together, the "Defendants").

**A. Claims Against Defendant Kondatha**

The Defendants argue that the Complaint fails to state a plausible claim against Kondatha because the Complaint does not allege that Kondatha received any consideration for agreeing to the Membership Agreement. (Doc. 18 at 6–7) Specifically, the Defendants argue that in order for the Plaintiff to assert a plausible breach of contract claim, the Plaintiff must allege facts sufficient to demonstrate that there was a valid contract between the parties, which includes alleging a valid offer, acceptance, and exchange of consideration during the formation of the contract. (Doc. 18 at 6–7) In response, the Plaintiff argues that the allegations in the Complaint demonstrate that Kondatha received consideration in the form of Kondatha obtaining the benefits of becoming a voting member after signing the Membership Agreement. (Doc. 23 at 6)

It is well settled under Arizona law that every contract in writing imports consideration. Ariz. Rev. Stat. Ann. § 44-121 (stating "[e]very contract in writing imports a consideration."). Furthermore, "[i]t is the ordinary rule of pleading that, where a suit is based upon an instrument which as a matter of law imports a consideration, it is not

necessary that a consideration be pleaded, nor can a want or failure thereof be offered in defense under a general denial." *Sapp v. Lifrand*, 36 P.2d 794, 796 (1934); *Reel Precision, Inc. v. FedEx Ground Package Sys., Inc.*, 2016 WL 4194533, at 6 (D. Ariz. Aug. 9, 2016) (stating "a party suing on a contract in writing need not plead consideration and a party denying consideration must plead it specially, not by general denial"). It is undisputed that the Membership Agreement and Kondatha's application to sign onto the Membership Agreement were contracts made in writing. (Doc. 1-2 at 13–20; Doc. 1-2 at 21) Accordingly, the Defendants' argument must fail, and the Motion cannot be granted on this basis.

### B. Minnesota Franchise Act

Next, the Defendants argue that the Complaint must be dismissed because the Plaintiff has failed to comply with the requirements of the Minnesota Franchise Act. (Doc. 18 at 7–9) Specifically, the Defendants argue that the Plaintiff failed to abide by the disclosure requirements of the Minnesota Franchise Act when selling the franchise to Twin City Lodging LLC, thus rendering the Membership Agreement unenforceable. (Doc. 18 at 9) In response, the Plaintiff argues that it is not a franchisor and is therefore not bound by the Minnesota Franchise Act. (Doc. 23 at 7)

Taking the facts in the light most favorable to the Plaintiff, the Court finds that the Plaintiff is not a franchisor, as the Complaint clearly identifies the Plaintiff as a non-profit corporation and never identifies the Plaintiff as a franchisor or the Defendants as franchisees. (Doc. 1 at 1) Furthermore, the terms of the Membership Agreement describe the Plaintiff as a membership organization. (Doc. 1-2 at 13) The plain terms of the Minnesota Franchise Act denote that the statute only applies to franchisors and franchisees. Minn. Stat. Ann. § 80C.01. Accordingly, the Court declines to find that the Plaintiff's alleged non-compliance with the Minnesota Franchise Act is sufficient to dismiss all of the Plaintiff's claims against the Defendants, and the Motion to Dismiss on this basis must be denied.

### C. Personal Jurisdiction

Finally, the Defendants argue that the Plaintiff does not have personal jurisdiction over the Defendants. (Doc. 18 at 2, 10) The Court will assume that the Defendants meant to argue that the Court does not have personal jurisdiction over the Defendants. The Defendants argue that the Court does not have personal jurisdiction in this case because (i) the Plaintiff cannot establish that the Defendants maintained "continuous corporate operations" in Arizona, and (ii) the Plaintiff cannot establish that the Defendants "had any business in Arizona or had any purposeful activities within the state of Arizona." (Doc. 18 at 10) In response, the Plaintiff argues that the Membership Agreement contains an "Application of Law and Choice of Forum" provision which states that all disputes arising under the Membership Agreement are to be resolved under Arizona law in Arizona courts. (Doc. 23 at 3; Doc. 1-2 at 18; Doc. 1 at 2)

Under general contract principles, a forum selection clause may give rise to waiver of objections to personal jurisdiction, provided that the defendant agrees to be so bound. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007); *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) (stating that courts "have held that a party has consented to personal jurisdiction when the party took some kind of affirmative act— accepting a forum selection clause, submitting a claim, filing an action—that fairly invited the court to resolve the dispute between the parties."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, n. 14 (1985). A forum selection clause "represents the parties' agreement as to the most proper forum." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). A court should refuse to enforce a forum-selection clause "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." *Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661, 662 (9th Cir. 2016). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine*, 571 U.S. at 63.

Taking the facts in the light most favorable to the Plaintiff for the purpose of rendering a decision on this Motion, the Court finds that the Membership Agreement is a

valid contract with a valid forum selection clause. At no point in the Motion do the Defendants dispute the validity of the forum selection clause present in the Membership Agreement. And, at this time, the Court finds that the Defendants have failed to make a persuasive argument for why the forum selection clause present in the Membership Agreement does not submit the Defendants to the jurisdiction of this Court.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **denied**.

Dated this 3rd day of July, 2019.

Honorable Steven P. Logan
United States District Judge